# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAL TRELSKI, | ) | CASE NO: |
| Plaintiff, | ) | **COMPLAINT** |
| v. | ) | |
| ALLIED INTERSTATE, LLC, | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | MARCH 3, 2015 |

NOW COMES, the Plaintiff, MICHAL TRELSKI (hereinafter, the "Plaintiff"), by and through the LAW OFFICES OF JOSHUA B. KONS, LLC, and for his complaint against the Defendant, ALLIED INTERSTATE, LLC (hereinafter, the "Defendant"), the Plaintiff states as follows:

## I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Federal Fair Debt Collection Practices Act (hereinafter "FDCPA"), *15 U.S.C. §1692*, et seq.

## II. JURISDICTION & VENUE

2. Plaintiff brings this action under *15 U.S.C. §1692k*, asserting original jurisdiction of this court for civil actions arising under the laws of the United States.

3. Plaintiff also brings certain claims as denoted herein pursuant to *28 U.S.C. §1367*, asserting supplemental jurisdiction over those claims herein which does not arise under the laws of the United States but which are part of the same case and controversy alleged herein.

4. Venue is proper in this district pursuant to *28 U.S.C. §1391(b).*

5. Defendant conducted business in the state of Connecticut, and therefore, personal jurisdiction is established.

1

### III. PARTIES

6. Plaintiff MICHAL TRELSKI is an individual who was at all relevant times residing at 716 Long Hill Road, Middletown, Connecticut. Middletown is situated in the District of Connecticut.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. §1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. §1692a(5)*.

8. ALLIED INTERSTATE, LLC is a national debt collection company with corporate headquarters located at 12755 State Hwy 55, Suite 300, Plymouth, MN 55441

9. At all relevant times, Defendant was a debt collector as that term is defined by *15 U.S.C. §1692a(6)*, and repeatedly contacted Plaintiff in an attempt to collect a debt.

10. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV. FACTUAL ALLEGATIONS

11. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff, related to a student loan.

12. The debt at issue arose out of a transaction which was primarily for the purpose of paying for Plaintiff's college education.

13. Defendant contacted Plaintiff on his cellular telephone on numerous occasions in a harassing and abusive manner, including but not limited to (i) calling multiple times per day; (ii)

2

calling multiple times but failing to leave a voicemail; (iii) calling before 8:00 am and after 9:00 pm; and (iv) calling his cellular telephone on the weekends.

14. On numerous occasions when Plaintiff did communicate with the Defendant and its agents about his consumer debt, he was verbally abused by Defendant and its agents for being unable to pay his consumer debt, including but not limited to being called insulting names and stating or implying that the Plaintiff was "irresponsible" and accruing consumer debt (in the form of a student loan) that could not afford to repay.

15. On one occasion, sometime in the Fall of 2014, in a call to the Plaintiff that was placed by one of Defendant's agents, Defendant's agent went so far in their harassment of the Plaintiff as to call the Plaintiff a "piece of shit" for being unable to repay his consumer student loan debt.

16. In addition to the harassing telephone calls made by the Defendant and its agents to the Plaintiff, on numerous occasions the Defendant contacted various third parties (including, but not including the Plaintiff's parents, brother, girlfriend, along with his former employer) and discussed the Plaintiff's consumer debt with them.

17. At the time Defendant contacted third parties, Defendant possessed Plaintiff's cell phone number and had been repeatedly been contacting Plaintiff at that number and therefore, upon information and belief, Defendant communicated with third parties regarding his debt for no lawful business purpose, but rather to abuse, embarrass and harass Plaintiff.

18. These harassing calls to the various third parties the Defendant was contacting about the Plaintiff's debt placed a strain on his personal relationships, and ultimately let the Plaintiff being terminated by his former employer due to the harassing phone calls placed to them by Defendant and its agents.

19. Defendant's actions as described herein were made with the intent to harass, abuse, annoy, and upset in an intentional effort to coerce a payment on the outstanding consumer debt from the Plaintiff.

20. As a result of the Defendant's pattern and practice of harassing the Plaintiff, Plaintiff has suffered actual damages as a result of these illegal collection communications by the Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions.

## V.  CAUSES OF ACTION

**COUNT I: DEFENDANT VIOLATED THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT**

21. Plaintiff incorporates by reference and re-alleges the allegations set forth above as if fully stated herein.

22. Defendant is a "debt collector" as defined by *15 U.S.C. §1692a(6)*.

23. Plaintiff is a "consumer" as defined by *15 U.S.C. §1692c(d)* and *15 U.S.C. §1692a(3)*.

24. At all relevant times, Defendant attempted to collect a consumer "debt" as defined by *15 U.S.C. §1692a(5)* from the Plaintiff.

25. In connection with its attempts to collect a consumer debt from the Plaintiff, Defendant's actions violated the Federal Fair Debt Collection Practices Act ("FDCPA"). Defendant's violations include, but are not limited to, the following:

(a) As described above, Defendant violated *15 U.S.C. §1692b(3)* of the FDCPA by communicating with Plaintiff's parents, brother, girlfriend and former employee more than once about his debt, despite being in possession of Plaintiff's current contact information and not having been requested to call the third parties.

(b)     As described above, Defendant violated *15 U.S.C. §1692d and §1692d(5)* of the FDCPA when they repeatedly placing calls to the Plaintiff on his cellular phone with intent to harass, abuse and annoy him.

(c)     As described above, Defendant violated *15 U.S.C. §1692c(a)(1)* by placing repeated calls to the Plaintiff at unusual times and places where the Defendant knew or should have known would be inconvenient to the Plaintiff. These harassing calls made by Defendant to Plaintiff include, but are not limited to, calls placed on the weekends, calls placed before 8:00 a.m., and calls placed after 9:00 p.m.

26.     As a proximate result of the above mentioned violations, Plaintiff has suffered, as herein alleged, actual damages in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

27.     As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to *15 U.S.C. §1692k(a)(1)*, statutory damages in the amount of $1,000 pursuant to *15 U.S.C. §1692k(a)(2)(A)*, and reasonable attorneys' fees and costs pursuant to *15 U.S.C. §1692k(a)(3)*.

## VI. TRIAL BY JURY

28.     Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff MICHAL TRELSKI, by and through his attorney, respectfully requests that request that the court find that the Defendant, ALLIED INTERSTATE, LLC has

violated has violated Federal Fair Debt Collection Practices Act, and respectfully requests judgment be entered against the Defendant for the following:

1. All actual compensatory damages suffered pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. §1692k(a)(1)*;

2. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. §1692k*(a)(2)(A);

3. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. §1692k*(a)(3)*;*

4. Actual damages for the emotional distress suffered as a result of the intentional, reckless, and/or negligent violations of the Fair Debt Collection Practices Act in an amount to be determined at trial for the Plaintiff;

5. Punitive damages to punish the Defendant for its reckless and intentional misconduct; and

6. Such other and further relief as may be just and proper.

Dated this March 3, 2015

                    Respectfully submitted,
                    **MICHAL TRELSKI**

                    By: /s/ Joshua B. Kons

                    Joshua B. Kons (ct29159)
                    LAW OFFICES OF JOSHUA B. KONS, LLC
                    50 Albany Turnpike, Suite 4024
                    Canton, CT 06019
                    T: 860-920-5181
                    E: joshuakons@konslaw.com